DANIEL L. LAROCQUE, District Attorney, Marathon County
You have advised me that it is a common practice for district attorneys and police agencies to send letters to private citizens who have issued worthless checks. In some instances, these letters threaten criminal prosecution under sec. 943.24, Stats., unless payment of the check is made within a specified time. You have requested my opinion as to the legality of continuing the use of this procedure in light of sec. 427.104 (1) (b), Stats.
Section 427.104 (1) (b), Stats., provides as follows:
 "In attempting to collect an alleged debt arising from a consumer credit transaction, a debt collector shall not: . . . (b) threaten criminal prosecutions; . . ."
Section 427.103 (3), Stats., defines "debt collector" as:
 ". . . any person engaging, directly or indirectly, in debt collection, . . ."
"Debt collection" is defined in sec. 427.103 (2), Stats., as:
 ". . . any action, conduct or practice of soliciting claims for collection or in the collection of claims owed or due or alleged to be owed or due a merchant by a customer."
In essence, sec. 427.104 (1) (b), Stats., prohibits "debt collectors" from threatening criminal prosecution in attempting to collect an alleged debt arising from a consumer credit transaction.
It is my opinion that police departments, sheriffs' departments and district attorneys do not fall within the definition of "debt collector" as defined in sec. 427.103 (3), Stats., that their practices of sending letters threatening criminal prosecution to persons who have issued worthless checks do not constitute "debt collection" as defined by sec. 427.103 (2), Stats., and thus they are not prohibited by sec. 427.104 (1) (b), Stats., from threatening criminal prosecution in cases involving debts allegedly arising from consumer credit transactions.
RWW:DCM:RAV *Page 342